JOHN HARRIS PAER, ESQ.      #1551
41 B Kepola Place
Honolulu, Hawaii 96817
Telephone: (808) 595-7179
Facsimile: (808) 595-7179
email: paerj001@hawaii.rr.com

BRUCE F. SHERMAN, ESQ.      #5996-0
1050 Bishop Street, No. 509
Honolulu, Hawaii 96813
Telephone (808) 221-0901
Email: bfs@bfshermanlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HEEJOON CHUNG,<br><br>Plaintiff,<br><br>vs.<br><br>U. S. BANK, N.A., Trustee, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11; and OCWEN LOAN SERVICING, LLC., LLC.,<br><br>Defendants. | CIVIL NO.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A-K"; JURY DEMAND; SUMMONS |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff, by and through his undersigned attorneys, and alleges as follows:

INTRODUCTION

1. This Complaint is filed and these proceedings are

instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., (hereinafter "FDCPA") and seeks actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k and 28 U.S.C.A. Sections 1331, 1332 and 1337. There is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. The supplemental jurisdiction of this Court is also invoked over the state claims. This Court has diversity jurisdiction of the state claims and supplemental jurisdiction as well because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiff is a natural person and at all relevant times herein was a resident and citizen of the State of Hawaii and/or State of New York and/or State of South Carolina. Plaintiff was at all times relevant herein a member of the United States Army and subject to the protections of the Servicemember's Civil Relief Act, 50 U.S.C. §521, et seq. Plaintiff was deployed to Iraq in December of 2007 and returned in 2009 when he was stationed at Fort Jackson, South Carolina. Plaintiff was deployed to Afghanistan in

October of 2013 and returned in July of 2014 and was then stationed at Fort Drum, New York where he presently resides.

4. Defendant U. S. Bank, N.A., Trustee, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11, (hereinafter "US Bank") is a national bank doing business in the State of Hawaii and is subject to the jurisdiction of this Court. Bank is a citizen of a state other than New York, South Carolina and Hawaii.

5. Ocwen Loan Servicing, LLC. (hereinafter "Ocwen") is a Delaware corporation doing business in Hawaii and is subject to the jurisdiction of this Court. Ocwen is a citizen of a state other than New York, South Carolina and Hawaii.

## FACTS

6. Within the year prior to the filing of this action, Defendant Ocwen has been attempting to collect an alleged debt from Plaintiff that was allegedly owed to Bank.

7. Ocwen acquired this account after it was already in default.

8. Ocwen is a debt collector within the meaning of the FDCPA.

9. Upon information and belief, US Bank also acquired the alleged debt after it was already in default.

10. US Bank is also a debt collector within the meaning of the FDCPA.

11. At all relevant times herein, Plaintiff was, and is, a consumer within the meaning of the FDCPA as well as within the meaning of HRS Chapter 480, and at all times relevant herein was on active duty with the United States Army.

12. On or about October 4, 2005, Plaintiff purchased the property located at 91-743 Ihipehu Street, Ewa Beach, Hawaii 96706, TMK 1-9/1/8/76 and the deed was recorded in the Land Court System, State of Hawaii, on October 14, 2005, Doc. No. 3340802; Cert. 775,009. A true copy of that deed is attached hereto as Exhibit "A".

13. The original first mortgage loan was made by BNC Mortgage, Inc. and later transferred to US Bank. A true copy of the balloon note for that loan is attached hereto as Exhibit "B".

14. This debt was incurred primarily for personal, family, or household purposes.

15. Plaintiff has sought to obtain copies of the original loan documents from Defendants, but has thus far been unsuccessful in those efforts with the exception of the note and mortgage.

16. Upon information and belief, Plaintiff alleges that there were numerous irregularities in the loan process with BNC Mortgage, Inc. as well as failure to provide proper disclosures.

17. The above indebtedness was secured by a mortgage on Plaintiffs' principal residence.

18. On or about October 4, 2005, the loan documents were signed at the offices of Aloha Realty, rather than at a legitimate title/escrow company.

19. Plaintiff did not receive any copies of any documents at closing of that first mortgage loan.

20. Several days after closing Aloha Realty asked Plaintiff to sign additional documents which he did, though again he was not given copies of what he signed.

21. At that same time, Plaintiff entered into a second mortgage loan on the property.

22. Plaintiff never received any copies of any documents regarding the second mortgage loan.

23. The servicing of both loans was originally handled by Home Eq Servicing.

24. On or about April 15, 2009, Home Eq Servicing wrote to Plaintiff as servicer, allegedly for US Bank, and stated that Plaintiff was in default on his loan. A true copy of that letter is attached hereto as Exhibit "C".

25. US Bank did not own the loan in 2009.

26. On March 10, 2010, US Bank was assigned the subject loan. A true copy of that Assignment of Mortgage and Note is attached hereto as Exhibit "D".

27. Plaintiff conducted a non-judicial foreclosure upon the property as set forth in the Mortgagee's Affidavit of Foreclosure Under Power of Sale recorded in the Land Court on

August 3, 2010 as Document No. 3985610, Cert. No. 775,009. A true copy of that Mortgagee's Affidavit of Foreclosure Under Power of Sale is attached hereto as Exhibit "E".

28. Plaintiff was stationed at Fort Jackson, South Carolina for all of 2010 and did not received notice of the non-judicial foreclosure during that time.

29. The sale was conducted by public auction on July 8, 2010 wherein US Bank's attorney "declared the Property sold to U. S. Bank, N.A., Trustee, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11, and/or its nominee for $423,993.62, which was the highest bid at said sale." Exhibit "E", paragraph 5j.

30. US Bank's attorney then said, "In consideration of the conveyance of the Property, the Mortgagee hereby waives, releases and relinquishes its right to seek or to collect any deficiency or judgment against the borrower(s) and guarantor(s), and confirms that the debt secured by the Property is released and satisfied in its entirety." Exhibit "E" paragraph 9.

31. US Bank's attorney also said, "Affiant certifies that none of the borrower(s) or mortgagor(s) is in the military service as evidenced by a true and correct copoy of the Department of Defense Manpower Data Center report(s) dated April 29, 2010 and July 8, 2010, attached hereto as Exhibit "15"." Exhibit "E", paragraph 8.

32. Exhibit "15" of the Mortgagee's Affidavit of Foreclosure Under Power of Sale shows that Plaintiff was on active duty status from November 3, 1995 and continued to be on active duty status on both April 29, 2010 and on July 8, 2010, with no end date. A true copy of that the Department of Defense Manpower Data Center report for both of those dates is attached hereto as Exhibit "F".

33. When Plaintiff first learned of the non-judicial foreclosure in 2015, he was still on active duty in the Army at Fort Drum, New York, and at that time, he understood that US Bank had foreclosed on his property and sold it.

34. Plaintiff has been damaged by the loss of his property in an amount exceeding $250,000.00.

35. Plaintiff has also been damaged in that his credit rating has been affected negatively by the reporting of the foreclosure resulting in loss of income and other damages.

36. On July 16, 2015, Ocwen sent its first letter to Plaintiff demanding payment of $220,903.86 and stating that his account became delinquent on March 2, 2009. A true copy of that letter is attached hereto as Exhibit "G".

37. Also, on July 16, 2015, Ocwen sent a Mortgage Account Statement to Plaintiff showing an amount due of $216,997.12. A true copy of that statement is attached hereto as Exhibit "H".

38. On July 20, 2015 Ocwen sent another letter to Plaintiff stating that they were aware that he was currently in active military service. A true copy of that letter is attached hereto as Exhibit "I".

39. Thereafter, Ocwen sent Plaintiff numerous statements and demands for payment of the alleged debt.

40. Ocwen also threatened to purchase and/or purchased forced placed hazard insurance on the property and threatened to charge and/or charged Plaintiff for that insurance.

41. On August 31, 2015, Plaintiff's attorney sent a Qualified Written Request to both defendants. A true copy of that letter is attached hereto as Exhibit "J".

42. US Bank never responded to that letter.

43. On September 16 2015, Ocwen acknowledged receipt of that letter. A true copy of that letter is attached hereto as Exhibit "K".

44. Ocwen sent several letters thereafter, each stating that it was in the process of review, and that it would respond to the request upon completion of its review.

45. Ocwen never responded to the Qualified Written Request.

46. On December 9, 2015, Ocwen's counsel partially responded to Plaintiff's request by sending the balloon note, the mortgage, the securitization servicing agreement, the mortgage loan schedule, the transaction history and redacted payment history.

47. There was no other response to Plaintiff's Qualified Written Request.

48. Plaintiff's above described mortgage loans were destined to fail at the outset, which was well known to the lender and mortgage broker, and the loans should never have been approved nor consummated.

## COUNT I - Fair Debt Collection

48. Plaintiff realleges and incorporates paragraphs 1 through 47 of this Complaint.

49. Within the year prior to the filing of this action, Defendants have been attempting to collect an alleged debt from Plaintiff.

50. Ocwen and US Bank are debt collectors, and within the year prior to filing this Complaint, have been attempting to collect an alleged debt from Plaintiff.

51. Plaintiff is a consumer and the subject debt was incurred primarily for personal, family and household purposes.

52. Ocwen and US Bank have used unfair means to attempt to collect the above debt in violation of 15 U.S.C. §1692f.

53. Ocwen and US Bank have used false, deceptive and misleading representation to attempt to collect the above debt in violation 15 U.S.C. §1692e.

54. Ocwen and US Bank engaged in oppressive and abusive conduct in attempting to collect the above debt in violation of 15

U.S.C. §1692d.

55. Ocwen failed to send a proper validation notice to Plaintiff in violation of 15 U.S.C. §1692g.

56. Ocwen communicated directly with Plaintiff even after it was on notice that Plaintiff was represented by counsel in violation of 15 U.S.C. §1692c.

## COUNT II - UDAP

57. Plaintiff realleges and incorporates paragraphs 1 through 56 of this Complaint.

58. Ocwen and US Bank have violated Chapter 480 of the Hawaii Revised Statutes as alleged above, including but not limited to, violations of the Servicemember's Civil Relief Act, 50 U.S.C. §521, HRS §667-1, et seq., HRS §480D-1, et seq., HRS §443B-1, et seq. and HRS §480-1, et seq.

59. The actions of the original lender and mortgage broker as alleged violated HRS §480-2 and resulted in the two mortgage loan transactions being null and void under HRS §480-12.

60. As described above, the confusing and false representations as to Plaintiff's military status in connection with the above-described foreclosure were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, in violation of H.R.S. Chapter 480.

61. The acts by Ocwen and US Bank resulted in the prohibited likelihood of confusion, and as a result, Plaintiff has

suffered injury to his property in an amount to be proved at trial, but in excess of $250,000.00, and is entitled to, among other things, treble damages, interest and attorneys fees and costs, in addition to correction by Defendants of his consumer reports and deleting of the negative information set forth therein regarding these loans and the foreclosure.

## COUNT III - Negligent Misrepresentation

62. Plaintiff realleges and incorporates paragraphs 1 through 61 of this Complaint.

63. During the calendar year 2010, US Bank, itself and/or through its attorney, made false representations to the effect that Plaintiff was not in active duty in the military.

64. US Bank knew or should have known that these representations were false and misleading, and that they would cause damage to Plaintiff.

65. As a result, Plaintiff has been damaged in an amount to be proved at trial.

## COUNT IV - Negligence

66. Plaintiff realleges and incorporates paragraphs 1 through 65 of this Complaint.

67. During the calendar year 2010, US Bank and its agents made numerous false representations to Plaintiffs as described in the FACTS above.

68. US Bank owed Plaintiff a duty not to make false representations and it was negligent in making the above described representations.

69. US Bank negligently or intentionally breached the above duties as alleged.

70. As a result, Plaintiff has been damaged in an amount to be proved at trial.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I - FDCPA

1. Award Plaintiff his actual damages from US Bank and Ocwen as will be proved;

2. Award Plaintiff statutory damages from US Bank and Ocwen of $1000.00;

3. Award Plaintiff his reasonable attorneys fees and costs.

AS TO COUNT II- UDAP

4. Award Plaintiffs damages in the amount of three times the injury to his property from US Bank and Ocwen, but not less than $1,000.00 for each violation;

5. Declare the above loan transactions void ab initio, and the foreclosure sale transaction null and void.

6. Award rescission and cancellation of the foreclosure transaction of Plaintiff's property and direct that Plaintiff be awarded unencumbered title to his property and that he have no

further obligation of payment to Defendants.

7. Order the Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding both mortgages as described above.

8. Order US Bank and Ocwen to delete any adverse information regarding Plaintiff that they have reported to any consumer (credit) reporting agency; and enjoin the Defendants from making, in the future, any adverse consumer report regarding Plaintiff to anyone.

AS TO COUNT III - Negligent Misrepresentation

9. Award Plaintiff damages from US Bank and Ocwen in the amount of the injury to his property;

10. Award Plaintiff damages from US Bank and Ocwen in the amount of the injury to his person, both physical and emotional;

11. That the Court order Defendants to take all action necessary to deed the subject property back to Plaintiff, to terminate any security interest which any Defendant may claim on Plaintiff's property and that the Court declare all such security interest of Defendants void, including but not limited to, any notes, mortgages and/or deeds and/or foreclosure conveyance documents;

12. That Defendants be enjoined during the pendency of this action, and permanently thereafter, from selling the subject property, from instituting, prosecuting, or maintaining foreclosure

proceedings on Plaintiff's subject property, from recording any deeds or mortgages regarding that property or from otherwise taking any steps to deprive Plaintiff of ownership of that property.

13. Award rescission and cancellation of the foreclosure sale, rescission of all security interests relating to Plaintiff's property, and direct that Plaintiff be awarded unencumbered title to his property and that he have no further obligation of payment to Defendants.

14. Award Plaintiff exemplary damages.

### AS TO COUNT IV - Negligence

15. Award Plaintiff damages from US Bank and Ocwen in the amount of the injury to his property;

16. Award Plaintiff damages from US Bank and Ocwen in the amount of the injury to his person, both physical and emotional;

### AS TO ALL COUNTS

17. Declare the foreclosure sale of the subject property null and void, declare the Defendants' security interest in the subject property void, and enjoin Defendants from taking any action towards depriving Plaintiff of the ownership of the subject property;

18. Award rescission and cancellation of the non-judicial foreclosure sale of Plaintiff's property, rescission of all security interests relating to Plaintiff's property, and direct that

Plaintiff be awarded unencumbered title to his property and that he have no further obligation of payment to Defendants.

19. Award Plaintiff his reasonable attorneys' fees and costs of Court.

20. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, January 19, 2016.

/s/ Bruce F. Sherman
JOHN HARRIS PAER
BRUCE F. SHERMAN
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HEEJOON CHUNG, | ) | CIVIL NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | JURY DEMAND |
| vs. | ) | |
| | ) | |
| U. S. BANK, N.A., Trustee, | ) | |
| under Securitization Servicing | ) | |
| Agreement dated as of December | ) | |
| 1, 2005, Structured Asset | ) | |
| Investment Loan Trust Mortgage | ) | |
| Pass-Through Certificates, | ) | |
| Series 2005-11; and OCWEN | ) | |
| LOAN SERVICING, LLC., | ) | |
| LLC., | | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

COMES NOW Plaintiff, and hereby demands trial by jury of all issues in this action so triable.

DATED: Honolulu, Hawaii, January 19, 2016.

/s/ Bruce F. Sherman
JOHN HARRIS PAER
BRUCE F. SHERMAN
Attorney for Plaintiff