Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

J. BLAINE ROGERS         8606
MIRIAH HOLDEN            9011
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
E-mail:  brogers@ahfi.com
            mholden@ahfi.com

Attorneys for Defendants
U.S. BANK, N.A., TRUSTEE, UNDER
SECURITIZATION SERVICING AGREEMENT
DATED AS OF DECEMBER 1, 2005, STUCTURED
ASSET INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2005-11,
and OCWEN LOAN SERVICING, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HEEJOON CHUNG,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>U.S. BANK, N.A., TRUSTEE, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11; and OCWEN LOAN SERVICING, LLC,<br><br>　　　　　Defendants. | Case No. CV 1:16-00017 ACK-RLP<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FILED JANUARY 18, 2016**; CERTIFICATE OF SERVICE |

# DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FILED JANUARY 18, 2016

Defendants U.S. Bank, N.A. Trustee, Under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11 ("U.S. Bank, Trustee") and Ocwen Loan Servicing, LLC ("Ocwen") (together, "Defendants"), by and through their attorneys Alston Hunt Floyd & Ing, hereby answer Plaintiff Heejoon Chung's ("Plaintiff") *Complaint for Damages and Injunctive Relief*, filed January 18, 2016 [ECF No. 1] ("Complaint"), as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted against Defendants.

## SECOND DEFENSE

2. In response to Paragraph 1 of the Complaint, Defendants state that the Complaint speaks for itself. In further response, Defendants expressly deny liability under the statute referenced in Paragraph 1 and that any "violation" of it occurred. Plaintiff is left to his proof with respect to all damages referenced in Paragraph 1 and/or referenced elsewhere in the Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 2, 3, 6, 7, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 28, 29, 30, 31, 33, 39, 40, 44, 47,

and 48 of the Complaint.  Defendants therefore deny those allegations and leave Plaintiff to his proof.

      4.      In response to Paragraph 4 of the Complaint, U.S. Bank, Trustee admits that it is a national bank.  U.S. Bank, Trustee is without information or belief as to the additional allegations in Paragraph 4 and therefore denies them and leaves Plaintiff to his proof.

      5.      In response to Paragraph 5 of the Complaint, Ocwen admits that it is a Delaware limited liability company.  Ocwen is without information or belief as to the additional allegations in Paragraph 5 and therefore denies them and leaves Plaintiff to his proof.

      6.      In response to Paragraphs 12, 13, 24, 26, 27, 32, 36, 37, 38, 41, and 43 of the Complaint, Defendants state that the documents referenced therein speak for themselves.  Defendants deny any allegations in Paragraphs 12, 13, 24, 26, 27, 32, 36, 37, 38, 41, and 43 to the extent they do not accurately reflect the documents referenced therein, respectively.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 12, 13, 24, 26, 27, 32, 36, 37, 38, 41, and 43 and therefore deny the same.

      7.      Defendants deny the allegations set forth in Paragraphs 8, 9, 10,

25, 34, 35, 42, 45, 48,[1] 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 63, 64, 65, 67, 68, 69, and 70 of the Complaint.

8. In response to Paragraph 46 of the Complaint, Defendants state that counsel provided a written response, with enclosures, on December 9, 2015. Defendants deny the remaining allegations set forth in Paragraph 46 of the Complaint.

9. In response to the allegations contained in Paragraphs 48,[2] 57, 62, and 66 of the Complaint, Defendants restate their responses to each and every paragraph and allegation stated above.

10. Defendants deny all allegations not specifically admitted or otherwise controverted, including any allegations set forth in Plaintiffs' prayer for relief.

### AFFIRMATIVE DEFENSES

11. Certain matters are hereinafter pled as affirmative defenses. By such pleading, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. As and for distinct and affirmative defenses to

---

[1] There are two paragraphs numbered "48." The reference here is to the first one.
[2] This refers to the second paragraphs numbered "48."

each and every purported cause of action alleged in the Complaint, Defendants allege:

**THIRD DEFENSE**

12. Defendants intend to rely upon the defense of failure to mitigate damages.

**FOURTH DEFENSE**

13. Plaintiff's claims, in whole or in part, are barred by Plaintiff's, or his agents', knowledge, acquiescence, and/or action or omissions.

**FIFTH DEFENSE**

14. Defendants intend to rely upon the defense of breach, default or other failure by Plaintiff to observe the terms and conditions of, and/or perform under the applicable contracts, agreements and/or guidelines.

**SIXTH DEFENSE**

15. Defendants intend to rely upon the defense that Plaintiff knowingly and voluntarily assumed the risk of his damages, if any, and is therefore barred from recovery.

**SEVENTH DEFENSE**

16. Defendants intend to rely upon the equitable doctrine of release, estoppel and/or waiver.

**EIGHTH DEFENSE**

17. Plaintiff's claim for damages is barred, in whole or in part,

because he suffered no damages or the alleged damages are speculative.

## NINTH DEFENSE

18. Any rights and remedies of Plaintiff are restricted and limited by applicable contracts and/or agreements.

## TENTH DEFENSE

19. Defendants rely on the defense of unclean hands.

## ELEVENTH DEFENSE

20. Some or all of Plaintiff's claims are barred by the applicable statute(s) of limitations.

## TWELFTH DEFENSE

21. Defendants intend to rely upon every defense identified in Rules 8 and 12 of the Federal Rules of Civil Procedure that is supported by evidence and adduced in discovery.

WHEREFORE, Defendants pray:

1. The Complaint be dismissed with prejudiced as to Defendants;

2. Defendants be awarded their attorneys' fees and costs; and

3. For such other and further relief as this Court deems just and proper.

Dated: Honolulu, Hawai`i, February 23, 2016.

 /s/ J. Blaine Rogers
J. BLAINE ROGERS
MIRIAH HOLDEN

Attorneys for Defendants
U.S. BANK, N.A., TRUSTEE, UNDER SECURITIZATION SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2005, STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11, and OCWEN LOAN SERVICING, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| HEEJOON CHUNG, | ) | Case No. CV 1:16-00017 ACK-RLP |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| U.S. BANK, N.A., TRUSTEE, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11; and OCWEN LOAN SERVICING, LLC, | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

**Served Electronically through CM/ECF:**

Bruce F. Sherman        bfs@bfshermanlaw.com        [February 23, 2016]

**Served by First Class Mail, U.S. Postal Service:**

John Harris Paer        [February 23, 2016]
41B Kepola Place
Honolulu, Hawaii 96817

//

//

Dated: Honolulu, Hawai`i, February 23, 2016.

/s/ J. Blaine Rogers
J. BLAINE ROGERS
MIRIAH HOLDEN

Attorneys for Defendants
U.S. BANK, N.A., TRUSTEE, UNDER SECURITIZATION SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2005, STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11, and OCWEN LOAN SERVICING, LLC