IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HEEJOON CHUNG, <br><br> Plaintiff, <br><br> vs. <br><br> U. S. BANK, N.A., Trustee, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11; and OCWEN LOAN SERVICING, LLC., <br><br> Defendants. | CIVIL NO. 16-00017 ACK-RLP <br><br> PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS

I. Introduction.

This motion is brought pursuant to FRCP Rule 12(c) and is based upon the failure of Defendants to truthfully respond to the allegations of the Complaint. That is, Defendants have repeatedly relied on a lack of sufficient information to admit or deny allegations when it is obvious that they do have such information. In addition, many of Defendants' affirmative defenses lack required factual allegations to support them.

II. Facts.

The Complaint herein was filed on January 18, 2016 and Defendants filed their Answer on February 23, 2016.

In sum, the Complaint alleges that Plaintiff had been the owner of his home, was in the military during all relevant times herein and that this was known to Defendants and their attorneys. Nonetheless, Defendants proceeded to foreclose upon Plaintiff's home, without proper notice and sold the property at auction to themselves. Thereafter, when they failed or were unable to record the deed, Defendants proceeded to demand more than $200,000.00 from Plaintiff.

With respect to the following paragraphs of the Complaint, Defendants claim they do not have sufficient information to admit or deny: 3, 4, 5, 6, 7, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 26, 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 41, 43, 44, 47, and 48.

Of those denials, it is clear that Defendants do, in fact, have sufficient information to either admit or deny paragraphs 4, 5, 6, 7, 13, 15, 24, 26, 27, 29, 30, 31, 32, 36, 37, 38, 39, 40, 41, 43, 44, and 47. Many of these allegations are based on exhibits attached to the Complaint which were prepared by Defendants' own attorneys.

In addition, while Defendants have alleged numerous affirmative defenses (Third Defense through Twelfth Defense), they have only alleged bare conclusions of law without any supportive factual allegations.

III. <u>Argument.</u>

   A. <u>The following paragraphs should be deemed admitted.</u>

Paragraphs 4 and 5 of the Complaint allege in relevant part that Defendants are doing business in Hawaii and are subject to the jurisdiction of this Court. Defendants not only engaged in this non-judicial foreclosure, Defendants certainly have sufficient other information to admit or deny these allegations. Thus, these allegations, and the paragraphs discussed infra, should be deemed admitted. <u>Bell Atlantic Corp. v. Twombly</u> 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u> 556 U.S. 662 (2009).

Paragraph 6 of the Complaint states that "Within the year prior to the filing of this action, Defendant Ocwen has been attempting to collect an alleged debt from Plaintiff that was allegedly owed to Bank." Defendants certainly have sufficient information to admit or deny this allegation. Thus, this allegation should be deemed admitted.

Paragraph 7 of the Complaint states that "Ocwen acquired this account after it was already in default." Defendants certainly have sufficient information to admit or deny this allegation, particularly in light of Exhibit "C" which states that Plaintiff was in default on April 15, 2009 when the prior servicer held the loan. Thus, this allegation should be deemed admitted.

In paragraph 6 of their Answer, Defendants state in relevant part, "In response to Paragraphs 12, 13, 24, 26, 27,32,36,

37, 38, 41, and 43, Defendants state that the documents referenced therein speak for themselves. . . . . Defendants are without knowledge or information sufficient to form a belief as the truth or falsity of the allegations contained in Paragraphs 12, 13, 24, 26, 27, 32, 36, 37, 38, 41, and 43 and therefore deny the same." Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 15 of the Complaint states, "Plaintiff has sought to obtain copies of the original loan documents from Defendants, but has thus far been unsuccessful in those efforts with the exception of the note and mortgage." Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 29 of the Complaint states, "The sale was conducted by public auction on July 8, 2010 wherein US Bank's attorney 'declared the Property sold to U. S. Bank, N.A., Trustee, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11, and/or its nominee for $423,993.62, which was the highest bid at said sale.' Exhibit 'E', paragraph 5j." Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 30 of the Complaint states, US Bank's attorney then said, "Inconsideration of the conveyance of the Property, the Mortgagee hereby waives, releases and relinquishes its right to seek or to collect any deficiency or judgment against the borrower(s) and guarantor(s), and confirms that the debt secured by the Property is released and satisfied in its entirety.' Exhibit 'E'". Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 31 of the Complaint states, "US Bank's attorney also said, 'Affiant certifies that none of the borrower(s) or mortgagor(s) is in the military service as evidenced by a true and correct copy of the Department of Defense Manpower Data Center report(s) date April 29, 2010 and July 8, 2010, attached hereto as Exhibit '15'. Exhibit 'E', paragraph 8." Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 32 of the Complaint states, "Exhibit '15' of the Mortgagee's Affidavit of Foreclosure Under Power of Sale shows that Plaintiff was on active duty status from November 3, 1995 and continued to be on active duty status on both April 29, 2010 and on July 8, 2010, with no end date. A true copy that Department of Defense Manpower Data Center report for both of those dates is attached hereto as Exhibit 'F'". Defendants certainly have

5

sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 32 of the Complaint states, "Thereafter, Ocwen sent Plaintiff numerous statements and demands for payment of the alleged debt." Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 40 of the Complaint states, "Ocwen also threatened to purchase and/or purchased forced placed hazard insurance on the property and threatened to charge and/or charged Plaintiff for that insurance." Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 42 of the Complaint states, "US Bank never responded to that letter." The letter is the Qualified Written Request described in paragraph 41. Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

Ocwen acknowledged receipt of that letter on September 16, 2015. Exhibit "K".

Paragraph 44 of the Complaint states, "Ocwen sent several letters thereafter, each stating that it was in the process of review, and that it would respond to the request upon completion of its review." Defendants certainly have sufficient information to

admit or deny these allegations. Thus, these allegations should be deemed admitted.

Paragraph 44 of the Complaint states, "There was no other response to Plaintiff's Qualified Written Request." Defendants certainly have sufficient information to admit or deny these allegations. Thus, these allegations should be deemed admitted.

B. <u>Ocwen has violated the FDCPA.</u>

1. <u>Ocwen is a debt collector.</u>

Based on the above, Ocwen has violated the Fair Debt Collection Practices Act ("FDCPA"). Ocwen is a debt collector in that it obtained servicing of the debt after default. The letter from Home Eq, Exhibit "C", states that the loan was in default prior to its transfer to U.S. Bank and Ocwen. Exhibit "D" shows the date of transfer of the loan and Exhibit "E", paragraph 5.a shows that Defendants were aware of the default in April of 2009.

**It is well settled law** that one who acquires a loan after default, whether by ownership or by servicing rights, is a debt collector.

In <u>Federal Trade Commission v. Check Investors, Inc.</u> 502 F. 3d159 (3rd Cir. 2007), the Court said "Thus, in determining if one is a 'creditor or a 'debt collector', courts have focused on the status of the debt at the time it was acquired. . . In *Pollice* we relied on this provision of the FDCPA to hold that **one**

**attempting to collect a debt is a 'debt collector' if the debt in question was in default when acquired."** (Emphasis added.) The Court held that it was immaterial that the entity actually owned the debt. **If the debt was in default when acquired, the one attempting collection is a 'debt collector'.** The same applies to servicers. <u>Schlosser v. Fairbanks Capital Corp.</u> 323 F. 3d 534 (7th Cir. 2003).

Similarly, in <u>Bridge v. Ocwen Federal Bank, FSB</u> 681 F.3d 355 (6th Cir. 2012), the Court said, "The distinction between a creditor and a debt collector lies precisely in the language of §1692a(6)(F)(iii). For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired."

Finally, in <u>Brannon v. United Student Aid Funds, Inc.</u> 94 F. 3d 1260 (9th Cir. 1996), the Ninth Circuit ruled that United Student Aid Funds was a debt collector, stating that "The FDCPA does not provide an exemption for guaranty agencies that acquire a student loan **after default** in order to pursue its collection." (Emphasis added).

Thus, because Ocwen obtained the loan after it was already in default, Ocwen is a 'debt collector' under the FDCPA.

2.  <u>Plaintiff was a consumer.</u>

Plaintiff was a consumer in this transaction as the subject transaction was secured by a mortgage on his home at the time of the loan, and the loan was primarily for personal, family and household purposes.

3.  <u>The amount demanded was incorrect.</u>

The amount Defendants (in excess of $200,000.00) attempted to collect was incorrect. At a minimum, given the affidavit of the Bank's attorney that there was no deficiency, the amount claimed was confusing and misleading. 15 U.S.C. §1692e(2) and 1692g. In <u>Clark v. Capital Credit & Collections Services, Inc</u>. 460 F. 3d 1162 (9th Cir. 2006), the Court held that debt collectors are strictly liable for falsely stating the amount of the debt under 1692e(2)(A), even if they were unaware of the mistake.

Defendants also improperly charged late fees, insurance charges and attorney fees which were again incorrect, confusing and misleading. 15 U.S.C. §1692e and f. <u>Clark</u>, supra.

3.  <u>Plaintiff was an active service member.</u>

At all times relevant herein, Plaintiff was an active service member, and this was known, or should have been known to both US Bank and Ocwen. Exhibits "F" and "I".

Not only did Defendants foreclose upon Plaintiff when he

9

was an active service member, they also attempted to collect more than $200,000.00 from him thereafter, while he was still an active service member. And even now, Defendants have never admitted that they were in error, nor did they ever withdraw their demand for payment.

These actions are abusive, unfair and deceptive under the FDCPA. 15 U.S.C. §1692 d, e and f.

C. **Defendants violated HRS Chapter 480.**

The elements of a Chapter 480 claim are: (1) representations, omissions and practices that were (2) likely to mislead a consumer acting reasonably under the circumstances, (3) where the representation, omission or practice was material and (4) resulted in damage to the consumer. Courbat v. Dahana Ranch, Inc. 111 Haw. 254 (2006).

In this case, Defendants foreclosed upon Plaintiff's home in a non-judicial foreclosure, without notice to him and while he was an active duty servicemember entitled to protections under the Service Members Civil Relief Act 50 U.S.C. §521, et seq.

Thereafter, Defendants, through their counsel, purchased Plaintiff's home at auction and stated in the Bureau of Conveyances that Plaintiff was not liable for any deficiency.

And even after their July 20, 2015 letter stating that they were aware that Plaintiff was in the military, Defendants

nonetheless demanded from Plaintiff amounts in excess of $200,000.00 based on the subject loan, including late charges and forced placed insurance charges.

Furthermore, Ocwen never responded substantively to Plaintiff's counsel's Qualified Written Request.

Defendants' actions, representations and omissions were likely to mislead a reasonable consumer and these actions, representations and omissions were and are material. Plaintiff has been damaged by the loss of his home, loss of potential rents, damage to his credit worthiness, and other damages that will be determined later in this case. Compton v. Countrywide Financial Corp., et al. 761 F. 3d. 1046 (9th Cir. 2014); Zanakis-Pico v. Cutter Dodge, Inc. 98 Haw. 309, 317 (2002); Wiginton v. Pacific Credit Corp. 2 Haw. App. 435 (1981)

In Compton v. Countrywide Financial Corp., et al., supra, the Ninth Circuit engaged in a comprehensive review of the Hawaii Unfair and Deceptive Practices Act statute, and it is clear under the cases cited in that opinion, that Plaintiff is entitled to judgment for Defendants' violations of that statute.

D. Negligence and Negligent Misrepresentation.

The above facts also meet the elements for Negligence and Negligent Representation. Soriano v. Wells Fargo Bank, N.A., et al. Civ. No. 11-00044 SOM-KSC (D. Haw. Jan. 25, 2013), pp. 20-25;

<u>Blair v. Ing</u> 95 Haw. 247, 269 (2001).

E. <u>Relief Sought.</u>

Plaintiff seeks damages in this action along with his reasonable attorneys' fees. Plaintiff does not seek, nor desire, the return of his property. However, in the event that the Court felt that the return of his property was appropriate, then Plaintiff believes that as a result of Defendants' conduct, the mortgage loan should be declared void and that he should be awarded the property free and clear of any encumbrance. Plaintiff believes that damages and other relief should be deferred in this matter until a later time, but includes this paragraph so that the Court will know his position on relief.

F. <u>The affirmative defenses.</u>

Defendants have not supported their affirmative defenses with any facts; and thus, those defenses should not be considered. <u>Bell Atlantic Corp. v. Twombly</u> 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u> 556 U.S. 662 (2009).

IV. <u>Conclusion.</u>

For the above stated reasons, Plaintiff requests that the Court enter judgment on the pleadings in his favor and against Defendants on the merits of this action, reserving the amount of

damages and other relief for a later time.  In the event that the Court finds that any matter, other than relief, remains in dispute, Plaintiff requests that the Court determine the facts that are undisputed and set forth those facts in which a legitimate dispute remains.

        DATED:  Honolulu, Hawaii, July 11, 2016


                                 /s/ Bruce F. Sherman
                                 JOHN HARRIS PAER
                                 BRUCE F. SHERMAN
                                 Attorneys for Plaintiff