Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

J. BLAINE ROGERS          8606
LORI KING STIBB          9670
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile:  (808) 524-4591
E-mail:    brogers@ahfi.com
           lstibb@ahfi.com

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION, as Trustee
under Securitization Servicing Agreement Dated
as of December 1, 2005 Structured Asset
Investment Loan Trust Mortgage Pass-Through
Certificates, Series 2005-11 and OCWEN
LOAN SERVICING, LLC

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | |
|---|---|
| HEEJOON CHUNG,<br><br>        Plaintiff,<br><br>  vs.<br><br>U.S. BANK, N.A., Trustee under Securitization Servicing Agreement Dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11; and OCWEN LOAN SERVICING, LLC, | Case No. CV 1:16-00017 ACK-RLP<br><br>DEFENDANTS' **OPPOSITION** TO PLAINTIFF'S **MOTION FOR JUDGMENT ON THE PLEADINGS** [ECF # 24]; CERTIFICATE OF SERVICE<br><br>Hearing:<br>Date:    September 6, 2016<br>Time:   11:00 a.m.<br>Judge:  Hon. Alan C. Kay |

Defendants.

## DEFENDANTS' **OPPOSITION** TO PLAINTIFF'S **MOTION FOR JUDGMENT ON THE PLEADINGS** [ECF # 24]

## I.     INTRODUCTION

Plaintiff's Motion[1] should be denied.  To the extent Plaintiff objects to Defendants'[2] responses to his Complaint, he should move to strike, not for judgment on the pleadings, under FRCP 12(f).  Moreover, there is **no** legal authority—in *Iqbal*, *Twombly*, or elsewhere—supporting Plaintiff's theory that objectionable pleading responses should be "deemed admitted".  And, even if this Court were to look past those fatal deficiencies, there is no basis for Plaintiff's attack on the Answer[3] where Defendants' responses were clearly appropriate in the context of the allegations in the Complaint.

---

[1] "Motion" refers to Plaintiff's Motion for Judgment on the Pleadings, which was filed on July 11, 2016 [ECF # 24].

[2] "Defendants" jointly refers to (1) Defendant U.S. Bank National Association, as Trustee under Securitization Servicing Agreement Dated as of December 1, 2005 Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11 ("U.S. Bank"), and (2) Defendant Ocwen Loan Servicing, LLC ("Ocwen").

[3] "Answer" refers to Defendants' *Answer to Complaint for Damages and Injunctive Relief*, filed January 18, 2016 [ECF # 13].

The same is true of Defendants' affirmative defenses, which, in accordance with decisions by this and other courts, are properly pled under the applicable pleading standard.

For these reasons, and as set forth in more detail below, Defendants respectfully request that the Motion be denied.

## II.     BACKGROUND

Plaintiff filed his *Complaint for Damages and Injunctive Relief* on January 18, 2016.  [ECF # 1] ("Complaint").  Plaintiff asserts that Defendants non-judicially foreclosed on his real property located at 91-743 Ihipehu Street, Ewa Beach, Hawai`i 96706 ("Property") without proper notice to him and subsequently sought to collect on the debt notwithstanding the foreclosure.  On this basis, Plaintiff alleges four causes of action:  (1) violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692(f) ("FDCPA"); (2) unfair and/or deceptive acts or practices under HRS Chapter 480 ("UDAP"); (3) negligent misrepresentation; and (4) negligence.  Complaint, ¶¶ 48-70.

On February 23, 2016, Defendants timely answered the Complaint, responding to all allegations that had been leveled against them and raising ten affirmative defenses.  [ECF #13].  Plaintiff filed the Motion on July 11, 2016 pursuant to FRCP 12(c), arguing that: (1) paragraphs 4-7, 13, 15, 24, 26, 27, 29-32, 36-41, 43, 44, and 47 of the Complaint (collectively, the "Disputed Paragraphs")

should be "deemed admitted"; (2) he is entitled to judgment on the pleadings on all of his claims; and (3) Plaintiff's affirmative defenses should be stricken. Memo. in Support of Mtn. [ECF # 24-1] ("Memo.") at 3-12.

## III.   ARGUMENT

### A.   Legal Standard

Under FRCP 12(c), after the pleadings are closed, "a party may move for judgment on the pleadings." Analysis under Rule 12(c) is "substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal citations omitted).

"Judgment on the pleadings under Rule 12(c) is proper when the moving party establishes on the face of the pleadings that **there is no material issue of fact and that the moving party is entitled to judgment as a matter of law**." *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.,* 644 F.3d 934, 937 n.1 (9th Cir. 2011) (emphasis added). A dismissal on the pleadings under FRCP 12(c) is proper **only if** the moving party is **clearly** entitled to prevail. *Doleman v. Meiji Mut. Life Inx. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984) (emphasis added). All responses of the nonmoving party must be accepted

as true, while any responses made by the nonmoving party that are not admitted are assumed to be false. *Pahk v. Hawaii*, 109 F. Supp. 2d 1262, 1266 (D. Haw. 2000).

As this Court has previously found, "a plaintiff's motion for judgment on the pleadings shall not be granted *unless* all of the defenses raised in the answer are legally insufficient…. Rather, if one or more of the defenses are viable, plaintiff's motion should be brought as a **motion to strike within twenty days after service of the answer**." *Burns v. Consol. Amusement Co.,* 182 F.R.D. 609, 611 (D. Haw. 1998) (citing FRCP 12(c) and (f)) (italic in original) (emphasis added). Whether to grant a motion to strike under Rule 12(f) is entirely within the discretion of the Court. *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

Moreover, even where a court finds that judgment on the pleadings is possible, all opportunity to amend and to cure any pleading defects must be permitted. *See Maya v. Centrex Corp.*, 658 F. 3d 1060, 1072 (9th Cir. 2011) (citing *Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.")).

**B.  Judgment On The Pleadings Is Not Warranted**

**1.  The Disputed Paragraphs should not be "Deemed Admitted"**

Plaintiff argues that the Disputed Paragraphs should be "deemed admitted" because Defendants "certainly have enough information to admit or deny the[ose] allegations."  *See*, *e.g.*, Memo. at 3 (regarding paragraphs 4 and 5 of the Complaint).  The argument fails for three reasons.

First, the Motion is brought under the wrong rule.  Where, as here, a party attacks some, but not all, of the other party's pleaded responses, the appropriate vehicle is a motion to strike under FRCP 12(f).  *See*, *e.g.*, *Burns*, 182 F.R.D. at 611 ("Rather, if one or more of the defenses are viable, plaintiff's motion should be brought as a motion to strike within twenty days after service of the answer.").  Plaintiff attacks 22 of Defendants' responses to his 70 paragraph Complaint.  He has therefore judicially admitted that at least 48 of the remaining responses may be "viable".  To the extent Plaintiff disagrees with the Disputed Paragraphs, he should have moved to strike them, not for judgment on the pleadings.  The Motion should be denied on this basis alone.

Second, Plaintiff does not (because he cannot) cite to **any** authority supporting the proposition that disputed responses in an answer should be "deemed admitted."  As this Court has recognized, responses not admitted by the nonmoving party are assumed to be **false** on a motion for judgment on the pleadings.  *Pahk*,

109 F. Supp. 2d at 1266. Plaintiff does not, because he cannot, offer any authority countering this well-established pleading maxim.

With no explanation as to relevance or applicability, Plaintiff instead cites to *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) for his "deemed admitted" theory. Memo. at 3 ("Thus, these allegations, and the paragraphs discussed infra, should be deemed admitted.") (citing *Iqbal* and *Twombly*). As this Court is well aware, those cases established a heightened, "plausibility" standard of pleading for complaints. *See*, *e.g.*, *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "). Plaintiff does not, because he cannot, point to anything in *Iqbal* or *Twombly* standing for or inferring the proposition that disputed responses in an answer should be "deemed admitted". Again, the Court need go no further – Plaintiff is legally precluded from the relief he seeks and the Motion should be denied.

Third, and only to the extent the Court elects to consider the Motion notwithstanding the failings detailed above, there is nothing wrong with Defendants' responses in the Disputed Paragraphs. For example, in paragraphs 4 and 5 of the Complaint, Plaintiff alleged that U.S. Bank "is a national bank doing business in the State of Hawaii ..." and that Ocwen "is a Delaware corporation

doing business in Hawaii…." Complaint, ¶¶ 4, 5. In the Answer, U.S. Bank

admitted that it is a national bank and Ocwen admitted that it is a Delaware

corporation. Answer, ¶¶ 4, 5. Both U.S. Bank and Ocwen, however, answered

that they were without sufficient knowledge as to the remaining allegations and

therefore denied them. There is a proper legal basis for denying "doing business in

Hawaii". Indeed, as recognized by the Hawaiʻi Intermediate Court of Appeals in

*LaSalle Bank Nat'l Ass'n v. Roth*, 323 P.3d 162 (Haw. Ct. App. 2014) "conducting

mortgage-related activities or enforcing its rights under the Note and Mortgage, do

not constitute 'transacting business' [under] HRS §§ 414–431(b)(7) and (8)

(2004).").[4] It was therefore not only proper, but legally correct, for Defendants to

---

[4] HRS § 414–431(b) provides:

The following activities, among others, **do not** constitute transacting business within the meaning of subsection (a):

(1) Maintaining, defending, or settling any proceeding;

(2) Holding meetings of the board of directors or shareholders or carrying on other activities concerning internal corporate affairs;

(3) Maintaining bank accounts;

(4) Maintaining offices or agencies for the transfer, exchange, and registration of the corporation's own securities or maintaining trustees or depositories with respect to those securities;

(5) Selling through independent contractors;

(6) Soliciting or obtaining orders, whether by mail or through employees or agents or otherwise, if the orders require acceptance outside this State before they become contracts;

**(7) Creating as borrower or lender, or acquiring, as borrower or lender, indebtedness, mortgages, and security interests in real or personal property;**

deny Plaintiff's allegation that they are "doing business in Hawai'i[.]" Complaint, ¶¶ 4, 5.

A second example is paragraph 6 of the Complaint, which alleges that Ocwen has attempted to collect a debt from Plaintiff within a year of the filing of this action. Plaintiff, however, alleges that he was not provided with notice of the foreclosure. *See* Complaint, ¶ 28 ("Plaintiff was stationed at Fort Jackson, South Carolina for all of 2010 and did not receive notice of the non-judicial foreclosure during that time."). A lack of notice may (or may not) implicate the legal validity of the foreclosure and, correspondingly, the debt Plaintiff may (or may not) still owe. To the extent Plaintiff did not, as he alleges, receive proper notice of the foreclosure, it remains a mixed question of fact and law as to whether a debt remains to be collected. Defendants' denial of the allegation in paragraph 6 of the Complaint was therefore entirely proper.

The same is true of the denial of paragraph 7, which alleges that "Ocwen acquired this account after it was already in default." While Plaintiff

---

**(8) Securing or collecting debts or enforcing mortgages and security interests in property securing the debts;**

(9) Owning, without more, real or personal property;

(10) Conducting an isolated transaction that is completed within thirty days and that is not one in the course of repeated transactions of a like nature; and

(11) Transacting business in interstate commerce.

(Emphases added).

summarily contends that "Defendants certainly have sufficient information to admit or deny this allegation[,]" the issue of whether there was still an "account" and whether that account could be in "default" notwithstanding the prior foreclosure is a question that can only be answered through discovery. The fact that Plaintiff alleges that non-party HomEq Servicing was the entity that conducted what he alleges to be the improperly-noticed foreclosure only furthers that conclusion. Plaintiff cannot be heard to complain about Defendants' response to paragraph 7.

The other Disputed Paragraphs pertaining to the nonjudicial foreclosure (29-32) were properly denied on the same basis. Other of Plaintiff's complaints are specious. For example, Defendants denied paragraphs of the Complaint referencing specific documents only to the extent the allegations departed from the documents. Answer, ¶ 6 ("In response to Paragraphs 12, 13, 24, 26, 27, 32, 36, 37, 38, 41, and 43 of the Complaint, Defendants state that the documents referenced therein speak for themselves. Defendants deny any allegations in Paragraphs 12, 13, 24, 26, 27, 32, 36, 37, 38, 41, and 43 to the extent they do not accurately reflect the documents referenced therein, respectively."). Surely Plaintiff cannot reasonably take issue with that response.

The remainder of Defendants' responses follow suit – there is nothing improper about them given the allegations in the Complaint. To the extent any of

those same responses were somehow unwarranted under the circumstances, the correct protocol is for Plaintiff to move to strike them, not to have them "deemed admitted" under inapposite case law.

In sum, the Motion should be denied as procedurally improper, legally baseless, and substantively meritless.[5]

## 2. There is no Basis to Strike or Disregard Defendants' Affirmative Defenses

Plaintiff argues – in one sentence – that "Defendants have not supported their affirmative defenses with any facts; and thus, those defenses should not be considered." Memo. at 12. Again, Plaintiff obliquely cites to *Iqbal* and *Twombly* for this proposition, but does not provide any citation or analysis explaining why this Court should apply those cases to Defendants' affirmative defenses.

Plaintiff's skeletal argument does not warrant a detailed analysis of this issue. As already discussed above, the onus is on Plaintiff as the moving party to **show** that **all** of Defendants' affirmative defenses are "legally insufficient." *Burns*, 182 F.R.D. at 611. He has made no such showing.

---

[5] To the extent that the Court finds that Defendants have not sufficiently answered the Complaint, Defendants request the opportunity to amend the Answer. *See Maya v. Centrex Corp.*, 658 F. 3d 1060, 1072 (9th Cir. 2011) (citing *Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir.2010) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")).

To the extent the Court goes further, Defendants' affirmative defenses should still be considered adequate. *Iqbal* and *Twombly* established the "plausibility" standard for complaints. Neither the Supreme Court nor the Courts of Appeal, however, appear to have addressed the issue of whether *Iqbal* and *Twombly* apply to pleading affirmative defenses. *See* 5 Wright & Miller Federal Prac. & Procedure: Civil 3d § 1274 (2011 Supp. at 290) (no position taken on whether the *Iqbal*/*Twombly* pleading standard should apply). Federal district courts are apparently divided on the issue. The Northern District of Georgia, for example, has recognized that fairness, common sense, and litigation efficiency require the application of the same pleading standards to complaints and to defenses. *In re Fischer*, 2011 Bankr. LEXIS 1586, at *1-2 (Bankr. N.D. Ga. April 7, 2011)

Other courts—including this one—have taken a different path. For example, the U.S. District Court of Arizona in *Craten v. Foster Poultry Farms Inc.*, No. CV-15-02587-PHX-DLR, 2016 WL 3457899 (D. Ariz. June 24, 2016)[6]— recognizing the split on applying *Iqbal* and *Twombly* to affirmative defenses— analyzed the plain language of FRCP 8(c). The court found that since FRCP 8(a)

---

[6] In *Craten*, the U.S. District Court addressed a motion to strike defendant's answer and affirmative defenses. While, here, Plaintiff seeks judgment on the pleadings, he challenges the sufficiency of Defendants' affirmative defenses and requests this Court disregard them. Therefore, the analysis in *Craten* is appropriately applied here.

included different specific language than FRCP 8(c) for the requirements of pleadings, the court **must** conclude that different standards apply. *Id.* at *2. The court further found that a plaintiff and a defendant are not similarly situated in its pleadings. *Id.* at *3. While a plaintiff has until the expiration of its statute of limitations to carefully craft its complaint, a defendant typically only has 21 days after service to file its answer or responsive pleading. *Id.* Thus, the court found that fairness considerations dictated that *Iqbal* and *Twombly* should **not** apply to a defendant's affirmative defenses.[7] *Id.* at *3.

This District is in alignment with *Craten.* In *Cape Flattery Ltd. v. Titan Mar. LLC*, No. CIV. 08-00482 JMS, 2012 WL 3113168 (D. Haw. July 31, 2012), Chief Judge J. Michael Seabright, while recognizing that some courts apply *Iqbal/Twombly* to affirmative defenses, stated:

> Although the court recognizes that many district courts follow this reasoning, the court finds the reasoning of those courts declining to extend *Twombly* and *Iqbal* more persuasive. First, *Twombly* and *Iqbal* address claims for relief under Rule 8(a)(2), which requires that a claim for relief provide 'a short and plain statement of the claim

---

[7] Other courts agree. *See Tyco Fire Prods. LP v. Victaulic Co.,* 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) (holding that *Iqbal* and *Twombly* should not apply to affirmative defenses "[i]n light of the differences between Rules 8(a) and 8(c) in text and purpose."); *Lane v. Page*, 272 F.R.D. 581, 591 (D.N.M. 2011) ("Neither the text of the rules nore the Supreme Court's decisions in *[Twombly* and *Iqbal]* require the Court to extend the pleading stand from those cases to affirmative defenses."); *Kohler v. Staples the Office Superstore, LLC,* 291 F.R.D. 464, 468-69 (S.D. Cal. 2013) (declining to apply *Iqbal* and *Twombly* to affirmative defenses).

*showing* that the pleader is entitled to relief.' (emphasis added). In comparison, '[s]tating an affirmative defense under Rule 8(c) ... does not require the pleader to "show" entitlement to its defense.' *Kohler*, 280 F.R.D. at 566. Rather, Rule 8(c) merely requires that a party 'affirmatively state any avoidance or affirmative defense.' 8 Fed.R.Civ.P. 8(c); *See also Iqbal*, 556 U.S. at 679 (drawing the distinction that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief").Second, the Ninth Circuit has described the pleading standard for affirmative defenses as a "fair notice"standard, *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), and has continued to apply this standard since *Twombly* and *Iqbal*. *See Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010); *see also Kohler*, 280 F.R.D. at 566. Third, a plaintiff has much more time to investigate and draft a complaint as compared to a defendant who must answer it (usually within twenty-one days, *see* Fed.R.Civ.P. 12(a)(1)(A)(i)). Indeed, unlike a complaint, affirmative defenses require no response. As a result, '[w]hatever one thinks of *Iqbal* and *Twombly*, the "plausibility" requirement that they impose is more fairly imposed on plaintiffs who have years to investigate than on defendants who have 21 days.' *Memory Control Enter., LLC v. Edmunds.com, Inc.*, 2012 WL 681765, at *5 (C.D. Cal. Feb. 8, 2012) (quoting *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn.2010)); *see also Kohler*, 280 F.R.D. at 566; *Holdbrook v. SAIA Motor Freight Line*, LLC, 2010 WL 865380, at *2 (D. Colo. 2010).

2012 WL 3113168, at * 10.

Judge Seabright's analysis is on point and well-reasoned. This Court should decline to apply *Iqbal/Twombly* to Defendants' affirmative defenses, which are therefore adequately pled.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Motion be denied.

DATED:  Honolulu, Hawai`i, August 16, 2016.

/s/ J. Blaine Rogers
J. BLAINE ROGERS
LORI KING STIBB

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION,
as Trustee under Securitization Servicing
Agreement Dated as of December 1, 2005
Structured Asset Investment Loan Trust
Mortgage Pass-Through Certificates, Series
2005-11 and OCWEN LOAN SERVICING,
LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HEEJOON CHUNG,<br><br>             Plaintiff,<br><br>    vs.<br><br>U.S. BANK, N.A., Trustee, under<br>Securitization Servicing Agreement<br>dated as of December 1, 2005,<br>Structured Asset Investment Loan Trust<br>Mortgage Pass-Through Certificates,<br>Series 2005-11; and OCWEN LOAN<br>SERVICING, LLC,<br><br>             Defendants. | Case No. CV 1:16-00017 ACK-RLP<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted

below, a true and correct copy of the foregoing was served on the following at their

last known address:

**Served Electronically through CM/ECF on August 16, 2016:**

Bruce F. Sherman        bfs@bfshermanlaw.com

**Served by First Class Mail, U.S. Postal Service on August 16, 2016:**

John Harris Paer
41B Kepola Place
Honolulu, HI  96817

Dated:  Honolulu, Hawai`i, August 16, 2016.

           /s/ J. Blaine Rogers
           J. BLAINE ROGERS
           LORI KING STIBB

           Attorneys for Defendants
           U.S. BANK NATIONAL ASSOCIATION,
           as Trustee under Securitization Servicing
           Agreement Dated as of December 1, 2005
           Structured Asset Investment Loan Trust
           Mortgage Pass-Through Certificates, Series
           2005-11 and OCWEN LOAN SERVICING,
           LLC