```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF HAWAII

HEEJOON CHUNG,                    ) CIVIL NO. 16-00017 ACK-RLP
                                  )
          Plaintiff,              ) ORDER GRANTING IN PART AND
                                  ) DENYING IN PART DEFENDANTS'
     vs.                          ) MOTION FOR LEAVE TO FILE AN
                                  ) AMENDED ANSWER, COUNTERCLAIM,
U.S. BANK, N.A., Trustee,         ) AND THIRD-PARTY COMPLAINT
under Securitization Servicing    )
Agreement dated as of December    )
1, 2005, Structured asset         )
Investment loan Trust Mortgage    )
Pass-Through Certificates,        )
Series 2005-11; and OCWEN LOAN    )
SERVICING, LLC,                   )
                                  )
          Defendants.             )
_____    )
```

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT

Before the Court is Defendants' Motion for Leave to File First Amended Answer, Counterclaim, and Third-Party Complaint ("Motion"), filed on September 9, 2016. ECF No. 33. Plaintiff filed his Opposition on September 21, 2016 objecting only to Defendants' proposed counterclaim. ECF No. 35. Defendants filed their reply on October 7, 2016. ECF No. 39. The Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). ECF No. 34. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court GRANTS IN PART AND DENIES IN PART the Motion.

## BACKGROUND

In 2005, Plaintiff took out a mortgage from BNC

Mortgage, Inc. on his Ewa Beach property (the "Property").  ECF No. 1 at 4; ECF No. 33-2 at 16.  BNC Mortgage assigned the mortgage to Defendant U.S. Bank, N.A. ("Bank").  ECF No. 1 at 4; ECF No. 33-2 at 17.  Plaintiff alleges that in 2009, Home Eq, as servicer for the Bank, wrote to Plaintiff, stating that Plaintiff was in default on his loan.  ECF No. 1 at 5.  In July 2010, the Bank conducted a non-judicial foreclosure on the Property and bought it at public auction.  ECF No. 1 at 5-6; ECF No. 33-2 at 17.  However, the Bank never recorded a deed to the Property.  ECF No. 33-2 at 17.

In August 2010, Plaintiff's debt was released in consideration for the conveyance of the Property, according to the Bank's "Mortgagee's Affidavit of Foreclosure Under Power of Sale."  ECF No. 1 at 6; ECF No. 1-1 at 16-23.  Plaintiff asserts that he was on military active duty outside of the state during 2009 and 2010, and did not learn about the non-judicial foreclosure until 2015.  ECF No. 1 at 7.  In 2015, Defendant Ocwen Loan Servicing, Inc. ("Ocwen") began sending Plaintiff statements demanding payment and asserting that Plaintiff's loan was in default by over $200,000.  Id. at 7-8.

In January 2016, Plaintiff filed his Complaint alleging that Defendants made false or misleading statements about the foreclosure and that Defendants attempted to collect the debt from him despite having already released the debt.  Id. at 9-16.

Plaintiff alleges: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (2) unfair or deceptive acts or practices in violation of Hawaii Revised Statutes Section 480-2; (3) negligent misrepresentation; and (4) negligence.  Id.  Defendants filed an Answer on February 23, 2016, responding to the allegations in the Complaint and asserting various affirmative defenses.  ECF No. 13.

Plaintiff filed a motion for judgment on the pleadings arguing that Defendants' Answer was insufficient.  ECF No. 24. The court issued an Order Denying Plaintiff's Motion for Judgment on the Pleadings ("Order"), which denied Plaintiff's motion but struck several of Defendants' responses as insufficient.  ECF No. 32.  The court ordered Defendants to file an amended answer that cured the defects.  ECF No. 32 at 28.  Three days later, Defendants filed this Motion seeking leave to file an amended answer.  ECF Nos. 33, 33-2 at 1-13.  Defendants further seek leave to file their proposed counterclaim against Plaintiff to foreclose on the Property and to recover damages.  ECF No. 33-2 at 14-21.  Defendants also seek leave to file a third-party complaint against individuals they allege are residing on the Property without permission.  Id. at 22-26.  Plaintiff opposes the proposed counterclaim but does not oppose the prposed amended answer or third-party complaint.  See ECF No. 35.

3

DISCUSSION

Federal Rules of Civil Procedure 15(a) permits a party to amend its pleading after twenty-one days with leave of the court.  Leave "shall be freely given when justice requires." Fed. R. Civ. P. 15(a).  "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (internal citation omitted).  Courts should grant leave to amend unless there is evidence of bad faith, undue delay, prejudice to the opposing party, futility of amendment, or repeated failures to cure deficiencies with previous amendments.  Foman v. Davis, 371 U.S. 178 (1962); accord Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013).  "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

**1.   The Proposed Amended Answer**

Defendants seek leave to file an amended answer.  ECF No. 33-2 at 1-14.  Defendants' proposed amended answer addresses the deficiencies highlighted in the court's Order.  See ECF No. 32 at 27-28; ECF No. 33-1.  Plaintiff raises no challenge to the proposed amended answer.  See ECF No. 35.  Defendants are GRANTED leave to file their proposed amended answer.

4

### 2. The Proposed Counterclaim

Defendants' proposed counterclaim seeks to initiate judicial foreclosure proceedings on the Property and recover the debt secured by the Property. ECF 33-2 at 18-20. The proposed counterclaim does not specify claims or legal grounds for relief, but it enumerates twenty supporting facts and six prayers for relief. Defendants ask the court to: 1) issue process commanding Plaintiff to answer the counterclaim's allegations; 2) ascertain the amount due by Plaintiff under the mortgage; 3) initiate judicial foreclosure proceedings; 4) award damages to the Bank, including compensatory, consequential, and special damages; 5) award the Bank attorneys' fees; and 6) award further relief deemed just and proper. ECF No. 33-2 at 6. Id. at 17-20.

### A. Futility

Plaintiff asserts the proposed counterclaim is futile because it is barred by the statute of limitations. ECF No. 35 at 3. "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997)(quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiff asserts that the entire proposed counterclaim is governed by the six-year statue of limitations for "[a]ctions for the recovery of any debt founded upon any contract,

obligation, or liability." See ECF No. 35 at 3 (citing Haw. Rev. Stat. § 657-1(1)).  Six years is also the default limitations period for "[p]ersonal actions of any nature whatsoever not specifically covered by the laws of the State."  Haw. Rev. Stat. § 657-1(4).  Defendants contend their proposed claims are instead governed by the twenty-year period of limitations in Section 657-31, which applies to any "'action to recover possession of any lands, or make any entry thereon.'"  ECF No. 38 at 3 (quoting Haw. Rev. Stat. § 657-31).

In Hawaii, "[t]he proper standard to determine the relevant limitations period is the nature of the claim or right, not the form of the pleading."  Au v. Au, 626 P.2d 173, 177 (1981) (quoted by Lowther v. U.S. Bank N.A., 971 F. Supp. 2d 989, 1013 (D. Haw. 2013)).  Additionally, "where two or more causes of action arise from a single transaction, different statute[s] of limitations are applicable to the separate claims."  Au, 626 P.2d at 177.

### i. Defendants' Proposed Judicial Foreclosure Claims

In Defendants' proposed counterclaim, their third prayer for relief is to "order foreclosure of the Mortgage." ECF No. 33-2 at 19.  The third prayer for relief also seeks to: a) determine the amount due to the Bank; b) declare that the Bank has the first priority lien on the Property; c) appoint a commissioner to auction the Property; d) direct the commissioner

6

to apply the proceeds of the auction to the amount due to the Bank; e) authorize the Bank to buy the Property at acution; f) determine the priority of all liens on the Property; g) foreclose Plaintiff's entire interest in the Property; and h) other relief deemd just and equitable.  ECF No. 33-2 at 20.

There is no Hawaii statute that prescribes a limitations period specifically for foreclosure actions. Defendants argue that foreclosures are governed by a twenty-year limitations period and cite several cases from the early 1900's in support.  ECF No. 39 at 3-5 (citing Kipahulu Sugar Co. v. Nakila, 20 Haw. 620 (Haw. Terr. 1911); Hilo v. Liliuokalani, 15 Haw. 507 (Haw. Terr. 1904); Kaikainahaole v. Allen, 14 Haw. 527 (Haw. Terr. 1902)).  These cases hold that mortgages are actions in real property and thus subject to the limitations period for property disputes.  See id.  The cases incorporate the title theory of mortgages, which denotes that immediately upon entering a mortgage, "title passes to the mortgagee.  He is entitled to possession, and may recover it in ejectment, in the absence of an agreement to the contrary, even before default by the mortgagor." Allen v. Lucas, 15 Haw. 52, 53 (Haw. Terr. June 3, 1903)(noting that Hawaii courts rely on the title theory even though no court had explicitly held that Hawaii is a title-theory state).  Hawaii has since rejected the title theory of mortgages in favor of the lien theory.  "Hawaii has espoused the lien theory of mortgages

7

since 1939." Adair v. Kona Corp., P.2d 449, 453 (Haw. 1969)(quoted by Fed. Home Loan Mortg. Corp. v. Transamerica Ins. Co., 969 P.2d 1275, 1282 (Haw. 1998)).  Under the lien theory, "[a] mortgage creates a lien as security for an obligation, but does not pass title." Lizza v. Deutsche Bank Nat. Trust. Co., 1 F. Supp. 3d 1106, 1114 (D. Haw. 2014).  The lien theory is codified by Hawaii Revised Statute Section 506-1, which states that a mortgage on real property shall create only a lien "and shall not be deemed to pass title."  Haw. Rev. Stat. § 506-1. Hawaii's adoption of the lien theory suggests that Hawaii courts would no longer consider mortgage foreclosures to be realty disputes, but would instead find them to be contract disputes. However, no Hawaii statute or case has explicitly held that foreclosures are subject to the six-year statute of limitations for contract disputes or has affirmatively overruled the cases cited by Defendants.  Accordingly, it is not apparent that the foreclosure claims in Plaintiff's proposed counterclaim would time barred.  Defendants' proposed judicial foreclosure claims are not futile.

    **ii.   Defendants' Proposed Contract Claims**

  In Defendants' second prayer for relief, they seek to have the court "ascertain the total amount due at the time of judgment by Plaintiff under the Note and Mortgage, including principal, interest, other charges thereon, costs, expenses, and

8

reasonable attorneys' fees." ECF No. 33-2 at 19. In Defendants' fourth prayer for relief, the Bank seeks an award against Plaintiff for "all of its damages." Id. at 20. The cases cited by Defendants make clear that a different statute of limitations applies to a mortgage-foreclosure claim than to a claim for the debt secured by that mortgage. See Kaikainahaole, 14 Haw. 527, 529 (explaining that "as the mortgage and note are two distinct securities . . . the statute [of limitations] only refers to claims secured by mortgage, and not to the mortgage itself"); Hilo, 15 Haw. 507, 508 ("Actions on the notes were of course barred long ago by the statute [of limitations]. . . . But that did not bar the remedy against the land."); Kipahulu Sugar Co., 20 Haw. 320, 621 (quoting the same). While foreclosures may be governed by a twenty-year limitations period, "[t]he Hawaii statute of limitations on a promissory note is six years." Gordon v. Hancock, No. 10-90080, 2011 WL 2893613, at *4 (Bankr. D. Haw. Jul. 15, 2011)(citing Haw. Rev. Stat. § 657-1). Defendants' claim to recover their debt under the promissory note is subject to a six-year limitations period.

To calculate the limitations period, counterclaims arising from the same transaction or occurrence as the original complaint relate back to the complaint. Haw. Rev. Stat. § 657-3. Plaintiff's complaint was filed on January 18, 2016, or six years after January 18, 2010. See ECF No. 1. Even assuming

9

Defendants' counterclaim relates back to the original Complaint, it must arise from events occurring on or after January 18, 2010. Defendants' proposed counterclaim arose when Plaintiff defaulted on his mortgage in April 2009 – approximately nine months outside the limitations period. See ECF No. 33-2 at 2. Defendants proposed counterclaim regarding the note is barred by the six-year statute of limitations. Defendants' claims to recover damages under the note are time barred and futile. Therefore, Defendants are DENIED leave to file their second and fourth prayers for relief.

**B.  Bad Faith**

Plaintiff asserts that the proposed counterclaim is asserted in bad faith because Defendants released Plaintiff's debt in 2010. ECF No. 35 at 3-5. In their proposed counterclaim, Defendants assert that after the Bank foreclosed on the Property and bought it at auction, the Bank never recorded a deed to the Property. ECF No. 33-2 at 17-20. Defendants argue that because the Bank never took possession of the Property after buying it, the Bank should still be allowed to recover the debt secured by the Property and to initiate judicial foreclosure proceedings. Id.

To establish bad faith, Plaintiff must point to evidence that raises a strong showing of an ulterior motive. See Eminence Capital, LLC, 316 F.3d at 1052. Plaintiff challenges

10

the merits of the claims against him but does not point to any evidence of bad faith or a delay tactic.  See ECF No. 35 at 3-5.  Defendants' Motion was filed three days after the court's Order directing them to amend their answer.  See ECF. Nos. 32, 33.  Defendants assert that they did not realize Plaintiff still owned the Property until sometime "subsequent to the filing to the Complaint."  ECF No. 33-1 at 7.  The Complaint was filed in January.  See ECF No. 1.  Defendants do not specify when in the past nine months they learned that Plaintiff still owned the Property, but they provided a State of Hawaii Certificate of Title dated September 8, 2016.  ECF No. 33-3 at 2.  Defendants filed their motion September 9, 2016.  ECF No. 33.  While neither party addresses whether Defendants could have provided such information sooner, the record does not reveal a purposeful delay.  It does not appear that Defendants have brought their proposed counterclaim in bad faith.  Defendants are GRANTED leave to file their proposed counterclaim, except for the claims arising under the note, as discussed above.

### 3. The Proposed Third-Party Complaint

Defendants seek additional leave to file a third-party complaint asserting that Ngaire Covington and Robert Covington are currently living at the property without permission.  ECF No. 33-2 at 15-31.  Defendants seek to eject the Covingtons and recover damages against them as third-party defendants.  Id. at

11

24-26. The proposed third-party complaint also alleges that Plaintiff has "disclaimed and abandoned the Property." Id. at 23. It further asserts that any claims to the Property by other, unknown parties are junior to the Bank's claim to the Property. Id. at 24.

Federal Rule of Civil Procedure 14(a) allows a defending party to bring in as a third-party defendant "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Fed. R. Civ. P. 14(a). A third-party claim "may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative." United States v. One 1977 Mercedes Benz, 450 SEL, 708 F.2d 444, 452 (9th Cir. 1983). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196, 200 (9th Cir. 1988)(quoting Wright & Miller, 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Id.

Here, Defendants do not allege that the Covingtons are liable or could be indemnified for any of the claims that

12

Plaintiff raises against them.  Defendants also do not allege that their third-party complaint is based on the same transactions or set of facts as Plaintiff's claims.  Plaintiff's Complaint focuses on disputed foreclosure and debt collection practices, but Defendants do not allege that the Covingtons were involved in those acts or to some degree responsible for the allegations.  The only apparent link between Plaintiff's Complaint and the proposed third-party complaint is that it involves the same parcel of real property.  The alleged times, events, actors, and liabilities are all distinct.  <u>Cabalce v. VSE Corp.</u>, 914 F. Supp. 2d 1145, 1159 (D. Haw. 2012)(explaining that a third-party complaint must allege the third party is liable to the plaintiff even though the plaintiff did not assert claims against him).  The Covingtons' liability is not dependant on the outcome of Plaintiff's claims against Defendants.  Therefore, Defendants are DENIED leave to file their proposed third-party complaint.

CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Leave to File First Amended Answer, Counterclaim, and Third-Party Complaint as follows:

1.  The Court GRANTS Defendants leave to file the proposed amended answer;

2.  The Court GRANTS Defendants leave to file proposed

counterclaim prayers for relief numbers 1, 3, 5, and 6;

    3.  The Court DENIES Defendants leave to file proposed counterclaim prayers for relief numbers 2 and 4;

    4.  The Court DENIES Defendants leave to file the proposed third-party complaint.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, NOVEMBER 1, 2016.

_____
Richard L. Puglisi
United States Magistrate Judge

**HEEJOON CHUNG V. U.S. BANK, N.A., TRUSTEE, UNDER SECURITIZATION SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2005, STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11; AND OCWEN LOAN SERVICING, LLC; CIVIL NO. 16-00017 ACK-RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT**