IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HEEJOON CHUNG, ) | CIVIL NO. 16-00017 ACK-RLP |
| ) | |
| Plaintiff, ) | |
| ) | DECLARATION OF HEEJOON CHUNG |
| vs. ) | |
| ) | |
| U. S. BANK, N.A., Trustee, ) | |
| under Securitization Servicing ) | |
| Agreement dated as of December ) | |
| 1, 2005, Structured Asset ) | |
| Investment Loan Trust Mortgage ) | |
| Pass-Through Certificates, ) | |
| Series 2005-11; and OCWEN ) | |
| LOAN SERVICING, LLC., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DECLARATION OF HEEJOON CHUNG

HEEJOON CHUNG declares as follows:

1. That I am the Plaintiff in this action and that I have personal knowledge of the facts stated herein, know them to be true and correct, and make this declaration under penalty of law.

2. I am a natural person and at all relevant times herein was a resident and citizen of the State of Hawaii and/or State of New York and/or State of South Carolina. I was at all times relevant herein a member of the United States Army and subject to the protections of the Servicemember's Civil Relief Act, 50 U.S.C. §521, <u>et seq</u>. I was deployed to Iraq in December of 2007 and returned in 2009 when I was stationed at Schofield Barracks,

Hawaii. I was deployed to Afghanistan in October of 2013 and returned in July of 2014 and was then stationed at Fort Drum, New York where I resided at the time of filing this complaint.

3. Within the year prior to the filing of this action, Defendant Ocwen had been attempting to collect an alleged debt from me that was allegedly owed to Defendant U.S. Bank, N.A., Trustee (hereinafter US Bank).

4. Ocwen first contacted me in July of 2015.

5. At all relevant times herein, I was, and am, a consumer within the meaning of the FDCPA as well as within the meaning of HRS Chapter 480, in that I entered into the transaction described below for personal and household purposes; that is, to purchase my home.

6. At all times relevant herein, I was on active duty with the United States Army.

7. On or about October 4, 2005, I purchased the property located at 91-743 Ihipehu Street, Ewa Beach, Hawaii 96706, TMK 1-9/1/8/76 and the deed was recorded in the Land Court System, State of Hawaii, on October 14, 2005, Doc. No. 3340802; Cert. 775,009. A true copy of that deed is attached hereto as Exhibit "A".

8. The original first mortgage loan for the purchase of my home was made by BNC Mortgage, Inc. and later transferred to US Bank. A true copy of the balloon note and mortgage for that loan are attached hereto as Exhibits "B-1" and "B-2", respectively.

9. I sought to obtain copies of the original loan documents, but was unsuccessful in those efforts with the exception of the note and mortgage which was obtained from defense counsel on December 9, 2015 through the efforts of my attorney.

10. The above indebtedness was secured by a mortgage on my then principal residence at 91-743 Ihipehu Street, Ewa Beach, Hawaii.

11. On or about October 4, 2005, the loan documents were signed at the offices of Aloha Realty, rather than at a title/escrow company.

12. I did not receive any copies of any documents at closing of that first mortgage loan.

13. Several days after closing, Aloha Realty asked me to sign additional documents which I did, though again I was not given copies of what I signed.

14. At that time, I also entered into a second mortgage loan on the property.

15. I never received any copies of any documents regarding the second mortgage loan.

16. The servicing of both loans was originally handled by Home Eq Servicing.

17. I made no payments on this loan after February of 2009.

18. I understand that the Mortgagee's Affidavit states that Home Eq Servicing sent a letter dated April 15, 2009, stating that I was in default on my loan. A true copy of that letter is attached hereto as Exhibit "C". I did not receive a copy of that letter.

19. I was stationed at Fort Jackson, South Carolina for all of 2010 and did not received notice of the non-judicial foreclosure during that time.

20. On July 16, 2015, Ocwen Loan Servicing, LLC. (hereinafter "Ocwen") sent its first letter to me demanding payment of $220,903.86 and stating that my account became delinquent on March 2, 2009. I received that letter in the ordinary course of the mail. A true copy of that first letter is attached hereto as Exhibit "G".

21. Also, on July 16, 2015, Ocwen sent a Mortgage Account Statement to me showing an amount due of $216,997.12. I received that letter in the ordinary course of the mail. A true copy of that statement is attached hereto as Exhibit "H".

22. On July 20, 2015 Ocwen sent another letter to me stating that they were aware that I was in active military service. I received that letter in the ordinary course of the mail. A true copy of that letter is attached hereto as Exhibit "I".

23. Shortly thereafter, I contacted my attorney and then, in late summer of 2015, I first learned of the non-judicial foreclosure when that information was presented to be by my

attorney. I was still on active duty in the U.S. Army at Fort Drum, New York at that time.

24. Thereafter, Ocwen sent me numerous statements and demands for payment of the alleged debt, but never mentioned the non-judicial foreclosure. I received those letters in the ordinary course of the mail. True copies of those statements and demands are collectively attached hereto as Exhibit "L".

25. Ocwen also threatened to purchase and/or purchased "forced placed hazard insurance" on the property and threatened to charge and/or charged me for that insurance. True copies of the correspondence related to "forced placed hazard insurance" sent to me by Ocwen are collectively attached hereto as Exhibit "M". I received those letters in the ordinary course of the mail.

26. Ocwen communicated directly with me after it was on notice that I was represented by counsel. Exhibits "L" and "M".

27. As a direct result of the actions of Ocwen and U.S. Bank as evidenced herein, I have been damaged in an amount exceeding $250,000.00.

28. I have been damaged in that my credit rating has been affected negatively by Defendants' reporting of the alleged debt and/or foreclosure, all of which resulted in loss of income, failure to be promoted and eventually forced out of the military, and in addition, I have suffered emotional harm and loss of dignity as a result of the adverse credit reports. True copies of two of my credit reports are attached hereto as Exhibit "S".

29. I had a security clearance in the military, but I was not eligible for a higher security clearance as a result of the adverse credit information reported by Ocwen and/or U.S. Bank.

30. Without a higher security clearance, my career stagnated and I was eventually forced to retire from the United States Army.

31. I have sustained damage in the loss of the ability to exercise dominion or control of my property, or to enjoy the real and beneficial use of my property, or to sell my property, and in loss of rental income therefrom in an amount in excess of $2500.00 per month for many years.

32. I incurred expenses in excess of $25.00, such as postage and gasoline costs in corresponding with my attorney and driving to the post office to send documents to my attorney in an effort to determine my claims under Hawaii's Unfair and Deceptive Acts and Practices law.

33. If necessary, and if the Court were to order rescission, I have the ability and willingness to fulfill any tender requirement imposed by the Court by selling the home; however, I believe that Defendants are not entitled to any tender as a result of their improper conduct, and because Defendants have indicated that the title to the house never passed to U.S. Bank but rather remained in my name.

34. I believe that Defendants have acted improperly by doing nothing at all regarding my property for many years.

35. Had Defendants informed me of the non-judicial foreclosure and/or their failure to convey the property, I could have rented the property and possibly sold it, and I would have consulted an attorney to determine my rights and options.

36. As a result of the Mortgagee's Affidavit of Foreclosure Under Power of Sale, it would not have been, and is not, possible for me to exercise dominion or control of my property, or to enjoy the real and beneficial use of my property, or to sell my property, nor to obtain financing, as that Affidavit has created a cloud upon my title and deprived me of the rights of ownership of my property.

FURTHER DECLARANT SAYETH NAUGHT.

DATED: Waterton, New York, OCTOBER 27, 2016

_____
HEEJOON CHUNG