Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law, A Law Corporation

J. BLAINE ROGERS     8606
LORI KING STIBB      9670
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:  brogers@ahfi.com
         lstibb@ahfi.com

Attorneys for Defendants
U.S. BANK, N.A., TRUSTEE, UNDER
SECURITIZATION SERVICING AGREEMENT
DATED AS OF DECEMBER 1, 2005, STRUCTURED
ASSET INVESTMENT LOAN TRUST MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2005-11
and OCWEN LOAN SERVICING, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HEEJOON CHUNG,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK, N.A., TRUSTEE, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11; and OCWEN LOAN SERVICING, LLC,<br><br>Defendants. | Case No. CV 1:16-00017 ACK-RLP<br><br>**SUPPLEMENTAL MEMORANDUM IN RESPONSE TO MARCH 8, 2017 MINUTE ORDER [ECF No. 71];** CERTIFICATE OF SERVICE<br><br>**Hearing:**<br>Date:   March 20, 2017<br>Time:  11:00 a.m.<br>Judge: Honorable Alan C. Kay |

# SUPPLEMENTAL MEMORANDUM IN RESPONSE TO MARCH 8, 2017 MINUTE ORDER [ECF No. 71]

## I. INTRODUCTION

Defendants respectfully submit this supplemental memorandum pursuant to the *Minute Order*, issued on March 8, 2017 [ECF No. 71] (the "Order"), regarding the applicability of 50 U.S.C. § 3936 to the statute of limitations arguments raised by Defendants in their MJP.[1]  Defendants have asserted that Plaintiff's UDAP claims—exclusively predicated on the 2005 origination or 2010 foreclosure of the Loan—are untimely under the applicable four-year statute.  As set forth further below, section 3936 does not change the analysis because the claims are independently barred by laches.

## II. ANALYSIS

Section 3936(a)[2] of the SCRA provides in pertinent part that:

> [t]he period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or

---

[1] For consistency, Defendants will use the same defined terms here as in their other briefings related to the two pending motions scheduled to be heard on March 20, 2017.

[2] Subsection (b) provides that "a period of military service may not be included in computing any period provided by law for the redemption of real property sold or forfeited to enforce an obligation, tax, or assessment."  As Plaintiff remains the title holder of the Property, this provision is facially inapplicable.  The same is true of subsection (c), which addresses "internal revenue laws of the United States."

> political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns.

This Court has previously recognized that, generally, this provision of the SCRA "tolls all statute of limitations applicable to claims brought by full-time, active duty servicemembers." *Crews v. Prudential Ins. Co. of America*, Civ. No. 14-009 ACK-RLP, 2015 WL 1646935, at *9 n.4 (D. Haw. Apr. 15, 2015).[3] As this Court also recognized, however, "the SCRA does not prevent laches from barring a servicemember's claims, as laches is a limitation on stale claims entirely independent of any applicable statutes of limitations." *Id.* (citing *Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Directors v. Venture 15, Inc.,* 167 P.3d 225, 284 (Haw. 2007)).[4]

It is undisputed that Plaintiff was an active member of the U.S. Army from November 1995 through November 2015. Therefore, it appears 50 U.S.C. § 3936 facially applies to Plaintiff and would likely impact the timeliness analysis regarding claims arising out of acts and omissions that occurred during the term of

---

[3] *See also Ingham v. U.S.*, No. 07-124C, 2007 WL 5172422, at *6 (Ct. Cl. Nov. 26, 2007) (laches applicable to servicemember claims notwithstanding SCRA tolling provision); *Deering v. United States*, 620 F.2d 242, 244 (Ct. Cl. 1980) (*en banc*) (SCRA tolling provision does not immunize servicemembers from laches).

[4] "The doctrine of laches reflects the equitable maxim that equity aids the vigilant, not those who slumber on their rights." *AOAO of Newton Meadows*, 167 P.3d at 284.

his service.  As in *Crews*, however, laches acts as an independent bar to Plaintiff's UDAP claim arising out of the 2010 foreclosure[5] because: (1) Plaintiff unreasonably delayed bringing his claims; and (2) the delay prejudiced Defendants.  *See Crews*, 2015 WL 1646935, at *5-6.

Plaintiff's UDAP claim regarding the foreclosure is predicated on the allegation that "the confusing and false representations as to Plaintiff's military status in connection with the… foreclosure[]" violated HRS Chapter 480.  Compl., ¶ 60.  There is no disputing the significant delay between the event of which

---

[5] Plaintiff has judicially admitted that he is not raising a UDAP claim predicated on the 2005 origination of the Loan.  Pl.'s Opp'n to MJP at 13.  In light of this, this memorandum focuses on the foreclosure-based allegations only.  In the interest of caution, however, it should be noted that Plaintiff's origination-based claim or defense (*see id*.) is also susceptible to laches.  First, Plaintiff unduly—and therefore unreasonably—delayed bringing a claim attacking the 2005 transaction because he knew at or around that time the location at which it had occurred and that he did not receive copies of documents.  That Plaintiff made regular payments for approximately three-and-a-half years after the allegedly improper origination and never complained about anything related to the 2005 transaction only furthers the conclusion that his decade-old complaint about origination was unreasonably delayed.  Second, Defendants, neither of which was a party to or involved in the 2005 transaction, have been prejudiced by the delay.  There is no representative of either entity capable of offering evidence disputing Plaintiff's allegations about things neither of them is alleged to have done (or not done) with respect to the transaction.  The Loan originator is no longer in existence.  *See* http://www.mortgagenewsdaily.com/8222007_BNC_Mortgage.asp (last viewed on March 13, 2017 at 10:22 a.m.).  Unavailability of evidence weighs strongly in the prejudice analysis.  *See*, *e.g.*, *Adair v. Hustace*, 640 P.2d 294, 300 (Haw. 1982) (loss of evidence causes prejudice arising out of undue delay).  Laches would preclude any claim or defense predicated on the 2005 Loan transaction notwithstanding 50 U.S.C. § 3936.

Plaintiff now complains and the date he brought suit to challenge it, which is approximately five-and-a-half years. And, notwithstanding Plaintiff's assertion that he did not know about the actual foreclosure that occurred until 2015, that delay cannot have been reasonable under the circumstances where Plaintiff does not dispute: (1) failing to notify the then-servicer that he no longer resided at the Property;[6] (2) ceasing payments in early 2009;[7] and (3) abandoning the Property.[8] Any lack of knowledge of the foreclosure—and any claims arising therefrom—was a self-inflicted wound and Plaintiff cannot complain about circumstances he helped set in motion.

Moreover, a review of publicly-available information—or even a simple inquiry regarding the Loan to the entity to which he was supposed to have been making payments—would have revealed to Plaintiff that (1) a foreclosure had been noticed and conducted, and, (2) notwithstanding that, he was still the registered owner of the Property. "A key factor to establishing unreasonable delay is whether the plaintiff was diligent in his efforts to file a complaint in a timely manner." *Ingham*, 2007 WL 5172422, at *7. Plaintiff cannot claim diligence here.

---

[6] See Exh. "3" to Defs.' Opp'n to Pl.'s MPSJ at 127:17-19.

[7] Plaintiff does not dispute—and, in fact, judicially admits—his default. Exh. "E" to Compl. at 2 (¶ 5(a)).

[8] If Plaintiff had been residing at or even visited the Property prior to the foreclosure, he would have seen the foreclosure notice posted thereon. Exh. "E" to Compl. at 3 (¶ 5(d)); *id*. at 5 (¶ 5(h)).

Nor can he credibly argue that his delayed attack on the foreclosure was reasonable where "the undisputed facts and circumstances were sufficient to impute knowledge of the alleged harm to him."  *Crews*, 2015 WL 1646935, at *7.

Allowing Plaintiff's stale claim would also prejudice Defendants. There are two types of prejudice that may arise in the laches context: economic and evidentiary.  *Ingham*, 2007 WL 5172422, at *10.  Neither Defendant conducted or played an active role in the foreclosure and it would be inequitable for either to pay damages for the prior servicer or its counsel's acts or omissions.  This is particularly so to the extent Plaintiff claims damages may be predicated on lost use or equity (or a similar theory), under which he would stand to benefit from his delay.  In addition, it is unlikely that any relevant evidence or testimony could be adduced from other sources approximately seven years after the foreclosure was conducted.  As this Court has recognized, in considering laches, Hawaiʻi courts give particular weight to such "evidentiary gaps" caused by unreasonable delay. *Crews* at *8 (citing cases).  The economic and evidentiary issues resulting from Plaintiff's unreasonable delay militate for a finding of prejudice so as to support the application of laches to bar his 2010 UDAP claim.

Dated:  Honolulu, Hawai`i, March 14, 2017.

    /s/ J. Blaine Rogers
J. BLAINE ROGERS
LORI KING STIBB
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HEEJOON CHUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. BANK, N.A., TRUSTEE, under Securitization Servicing Agreement dated as of December 1, 2005, Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-11; and OCWEN LOAN SERVICING, LLC,<br><br>    Defendants. | Case No. CV 1:16-00017 ACK-RLP<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

**Served Electronically through CM/ECF on March 14, 2017:**
Bruce F. Sherman    bfs@bfshermanlaw.com
Mark T. Shklov    mark@shklovlaw.com

**Served by First Class Mail, U.S. Postal Service on March 14, 2017:**
John Harris Paer
41B Kepola Place
Honolulu, Hawaii 96817

Dated: Honolulu, Hawai`i, March 14, 2017.

    /s/ J. Blaine Rogers
J. BLAINE ROGERS
LORI KING STIBB

Attorneys for Defendants
U.S. BANK, N.A., TRUSTEE, UNDER SECURITIZATION SERVICING AGREEMENT DATED AS OF DECEMBER 1, 2005, STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-11 and OCWEN LOAN SERVICING, LLC